Campbell, J.
Heard on demurrer to indictment.
At the December term, 1905, of this court, the grand jury returned an indictment against the defendant, charging that, on or about the thirty-first day of December, 1900, the defendant, at the county of Richland and state of Ohio, being then, and there, an officer of, to-wit, a trustee of Mansfield lodge, No. 19, Independent Order of Odd Fellows, of Mansfield,-'Ohio, a subordinate lodge of the Independent Order of Odd Fellows of Ohio; being then a duly elected, qualified and acting officer, to-wit, trustee of said Mansfield lodge, No. 19, of the Independent Order of Odd Fellows of Mansfield, .Ohio, he, said defendant, not being an apprentice and not under eighteen years of age, then and there by virtue of his said office -as such trustee did receive, and take into his possession as such trustee certain *476 money, the sum of $605, from the treasurer of said lodge on the twentieth day of January, 1900; from Augusta Ferguson in the same capacity, $213.11 on the seventeenth day of March, 1900; and $500 from the sale of securities belonging to said lodge, of the value of $500, due October 11, 1900, all of the sum of $1,313.11 of the money and property of said Mansfield lodge, No. 19, Independent Order of Odd Fellows of Mansfield, Ohio, so coming into his possession and under his care and control as such trustee and officer of said Mansfield lodge aforesaid; he, said defendant, on or about the thirty-first day of December, 1900, did then and there unlawfully and fraudulently embezzle and convert said money to his own use, with intent to embezzle and convert to his own use, at the county of Richland and state of Ohio, without the consent of the lawful owner thereof, the said lodge No. 19, Independent Order of Odd Fellows, contrary to the statute, etc.
To this indictment the defendant has interposed a general demurrer, challenging the sufficiency of said instrument to constitute a legal criminal charge against him under the criminal laws of Ohio, defining the crime of embezzlement, as they existed prior to April 29, 1902. No question is made as to the formal and charging parts of the indictment; and, therefore, if the criminal laws of the state at the time these charges are made, provided against the defendant appropriating to his own use the money and property of the lodge mentioned without its consent, this demurrer should be overruled; otherwise sustained.
The submission of the questions of law arising on the demurrer is not to be considered presumptive, either of the innocence or guilt of the defendant. Until the court finds that a violation of the criminal law is sufficiently charged in the indictment, the defendant is not required to plead guilty or not guilty, but he is presumed innocent until found guilty by a jury, and doubtful questions of law are to be solved in his favor.
This indictment -is drawn under Section 6842, Revised Statutes, as it stood on and after February 25, 1886, till April 29, 1902, and all the indictments against the defendant charge the commission of the crime after 1886, and before April 29, 1902,
Without statutory enactment a criminal charge of embezzle *477 ment ean not -be maintained, as if never was a common law offense. Embezzlement is “the fraudulent appropriation, to one’s •own use, of the money or goods entrusted to one’s, care by another”; and it being a statutory offense, we must look to the statutes of 'the jurisdiction, Ohio in this case, for the classes of persons and the property that may be the subject of embezzlement. "
In larceny there must be a felonious taking; but in embezzlement the possession is lawful, and the crime consists in the unlawful appropriation or the violation of a trust or a contract.
It is larceny aggravated rather than palliated. The one is a trespass from -the beginning; the other a breach of confidence and trust reposed in the -accused, -after obtaining possession of money or other property lawfully, either in a private or public capacity, -as defined by statute; and it is presumed that our embezzlement laws, after repeated amendments, since the original .act was passed in 1839 (37 O. L., 74), are now-broad enough and comprehensive enough to embrace -every phase of the felonious and unlawful appropriation by one person -of the property of'another, coming into his possession in a lawful manner. However this may be, n-o one can be prosecuted .outside th-e law, or called upon -to .answer a criminal charge not found in the law.
1. In the case under consideration, it is claimed by the defense that, at th-e time stated in the indictment charging the criminal act, there was no law upon -our statute b-ooks covering the class of persons mentioned, to-wit, an -officer of the Mansfield lodge, Independent Order of Odd 'Fellows.
2. That the law of 1886 having been repealed April 29, 1902 (95 O. L., 303), it is not stated in the indictment in -express terms that the offense charged was in violation of the repealed statute, at a time when it was an force.
If the first of these -propositions is sustained, .a prosecution against the defendant can no-t be maintained, though the charge of appropriating the property -of the lodge mentioned to his own use may be true.
To determine this, we are to place a construction .on -the first clause of Section 6842, Revised Statutes, -as it stood from 1886 till April 29, 1902, which reads as follows (83 O. L., 23) :
*478 “An. officer, attorney at law, agent, clerk, guardian, executor, administrator, trustee, assignee in insolvency, servant, -or employe of any .person, except apprentices and persons under the age of eighteen years, who embezzles or converts to his own use, or fraudulently takes or makes away with, or secretes with intent to embezzle or convert to his own use, anything of value which shall come into his possession by virtue .of his employment, or appointment as such officer, attorney at law, agent, clerk, guardian, executor, administrator, trustee, assignee in insolvency, servant or employe,” is guilty of embezzlement.
The defendant is designated in the indictment .as “an officer,” to-wit, “trustee of'Mansfield lodge, No. 19, of the Independent Order of Odd Fellows, an ■ organization subordinate to the Independent Order of Odd Fellows of Ohio, duly elected and qualified as such acting officer.” Then follows the charge, that by virtue of said office of trustee, he received and took into his possession certain money and other property of said lodge, and in that capacity committed the -unlawful act. ;
The officer named in this first clause -of Section 6842, Revised Statutes, is other than a public officer, and the defendant can not- be held amenable under any statute in a public capacity.
The second clause of this section clearly settles the distinction intended by the Legislature, between -a public and some other kind of an -officer, as embraced in the first clause. It reads in part -as follows: “And an officer elected, or appointed to an office of public trust or profit in this state, and an agent, clerk, servant or employe of such officer or of a board -of such officers, who embezzles.”
As -applicable to this case, we may eliminate all of the first clause except the following: “An officer of any person, except apprentices, and persons under -the age of eighteen years, who embezzles, or converts to his own use anything of value which shall come into his possession by virtue of his employment or •appointment as such officer, ’ ’ is guilty of embezzlement. .
Section 6794, Revised Statutes, defining certain -terms used" in the criminal code, declares that “the words ‘person’ and ‘another,’ when used to designate the owner of any property the subject of any offense, included not only natural persons, but every other owner of property.”
*479 “An officer of any person,” therefore, as used in the statute, may read, ‘ an officer of any organization, requiring officers to carry on its business, who may be employed or appointed.”
■ What association of individuals “in extenso,” this, may embrace or how they may be chosen is unnecessary to determine. It is sufficient to hold that every corporation organized under the laws of Ohio, comes within the.scope of its provisions; -and any officer thereof entrusted with the possession and custody of its money or property, as its financial agent, is amenable to the law.
The Massachusetts statute on this subject is similar to ours, and provides that “ any officer, clerk,- agent or servant of any incorporated company who shall embezzle,” etc., differing .only in the wiords “of any incorporated company,” which was eliminated in 1877.
In the prosecution of the treasurer of a railroad company for embezzlement in that state, Commomwealth v. Tuckerman, 76 Mass., 173, the Supreme Court held “that the treasurer of a railroad company was an officer, distinctly recognized by law.” There, as in Ohio, treasurers of-corporations, as well as cashiers of banks, are chosen by the directors, elected by the stockholders.
Outside of facts defining embezzlement by public officers, officers of banking associations and savings and loan companies, no law could be framed more .comprehensive and definite and at same time include within its provisions so many classes (as the corporations doing business in Ohio, foreign and domestic, are almost innumerable) as the first clause of Section 6842, Revised Statutes, under -the particular designation, “an officer.”
This law simply provides that “an officer who embezzles or converts to his own use anything of value which shall come into his possession by virtue of his employment or appointment” is guilty, etc. The words “belonging to any other person or persons,” as the statutes formerly had it, have been eliminated and the words.“property of .another” have been omitted. The test of the crime charged in. the indictment is, that the property converted comes into the possession of the delendant “by virtue of his employment, or apo'intment as- an .officer.”
Under the allegations of the indictment, the defendant was an officer of some organization in December, 1900, and as su<?h *480 officer did he come within the purview of the law, as it stood at that time?
It was mot essential to charge in the indictment that the Mansfield lodge w,as a corporation. What might be necessary on the trial, is not ,a subject of inquiry now (Burke v. State, 34 Ohio St., 79; Hamilton v. State, 34 Ohio St., 82). Upon trial, evidence of a corporation de facto would be sufficient.
In .placing a construction on 83 O. L., 23, it is necessary to review, -to some extent, former legislation on the subject, but unprofitable to go farther back than 1869.
The act .of that year, as found in 66 O. L., 29, provided among other things that “if any officer, agent, clerk or servant of any incorporated company or joint stock company, shall embezzle or convert to his own use * * * any money, goods, rights in action or other valuable security or effects whatever belonging to any other person or persons, body politic or corporate, which shall come into his or her possession or care by virtue of such employment,’’..should be punished, as therein prescribed.
It provided,.. also, against any officer elected or appointed to any office of public trust, embezzling or converting to his own use any money, etc., that might come into his hands by virtue of such office, substantially as the law -is move The law as it then stood spoke for itself, and needed no intepretation.
By the act of the Legislature, passed March 27, 1875 (72 O. L., 87), commissioners were appointed to revise and consolidate the statute la.ws of the state; and in 1877, the commission reported their revision .and consolidation of the penal laws, which were approved and adopted by legislative act May 5, 1877 (74 O. L., 240-303), inclusive, as the criminal laws then in force:
The embezzlement law, which subsequently became Section 6842, Revised Statutes, of the revision of 1880 was then designated Section 11 of Chapter 4, headed “Offenses against property,” and the portion important .to this inquiry reads as follows: “An officer, agent, clerk, servant or employe of any person * * # who embezzles, or converts to his own use, * * * anything of value which shall come into his possession by virtue of his employment.” Thé other part relates to an *481 officer elected, or appointed to an office of public trust or profit in this state, etc.
On the margin of the page opposite this Section 11 is the following designation: “Embezzlement by servants of private persons and corporations. ’ ’
This section without any change -became Section 6842, Revised Statutes of 1880, and on the margin of the page opposite the same were the words above quoted, “embezzlement by servants of private persons and corporations. ’ ’
It will be observed that -the words “incorporated company or joint stock company,” .found in 66 O. L., 29, are eliminated and in their place we find “an officer of any person,” which means a corporation as well as a private person under Section 6794, Revised Statutes, which was Section 11 of 74 O. L., 249.
The amendment of this section in 1881 (78 O. L., 186), added to the class subject to prosecution, “.attorney at law, guardian, administrator, and executor,” before this the words “by virtue of his employment” only were used, but in 1881 the language was “by virtue of his employment or appointment.”
To the offending class in 1885 (82 O. L., 140) was added “.assignee in insolvency” and in 1886 (83 O. L., 23), “trustee”; but none of these additions affected “.an officer” .as it was used in the act of 1877. Under that act he was amenable “by virtue of his employment”; but under the amendment of 1885, he was amenable “by virtue of his employment or appointment,” “as such officer,” .and this was not changed by the amendatory act of February 25, 1886, or by any amendment since.
The two clauses of Section 11 of the act .of 1877 (74 O. L., 249) were separated by a semi-colon, and the same punctuation appears in Section 6842, Revised Statutes, as amended in 1886 (83 O. L., 23), rendering clear the distinction between the two. While the title of an act of the Legislature is not always an index of -its provision, yet when such title .as it appears in the act of 1887, is stated in no uncertain terms, we may logically infer from it what the intention of the lawmakers was at the time.
We are not at liberty to conclude that the scope of the embezzlement law as it existed in 1869, has been abridged by sub *482 sequent legislation, or that the revision .and consolidation of the penal laws of- the state in 1877 extended immunity to a class that were amenable before. While it is true that the criminal statutes must be strictly construed, yet we are not to hold a law inoperative or wanting -in its scope because every conceivable class is not specifically mentioned in its provisions.
When “any private person,” -and “any incorporated company or joint stock company” and “any other person or persons” were eliminated from -the act of 1869, and there was substituted the simple words “.an officer of any person * * who embezzles or converts to his own use anything of value which shall come into his possession by virtue of his employment or appointment -as such officer,” the range -of the law was widened, rather than contracted, and evidently intended to reach officers of all organizations -to whom might be entrusted the custody and control of property or money.
The law of embezzlement is not hedged about with technicalities, as held by the Supreme Court in the case of State v. Kusnick, 45 Ohio St., 535. The defendant was indicted as agent and cashier of “the Versailles Exchange Bank,” a co-partnership in Darke county, Ohio. It was .a private unincorporated banking association with a capital -of $25,000 divided into shares of $100 each. The officers consisted of seven directors, a president, vice-president and cashier, who -were chosen by the directors. Kusnick subscribed for ten shares, paid $200 and gave his note for the balance, $800. He was indicted under the first clause -of Section 6842, Revised Statutes, and contended upon trial that his relation to this banking concern was that of a partner, and -a partner can not be prosecuted for embezzlement, as he with the other members of the firm had a common interest in the assets of the firm. The trial court took this view and directed the jury to return a verdict in favor of the defendant. The prosecuting attorney took exceptions to -this holding, and submitted the question involved to the Supreme Court in the usual way. The court referred to the statute of 1869, requiring the indictment to charge the property or money appropriated to have belonged to “any other person or persons” and say;
*483 “This peculiar element of this offense seems however to have been eliminated from our law by the enactment under which the present indictment was framed. It simply provided that an agent, etc., who embezzles or converts to his own use ‘anything of value which shall come into his possession by virtue of his employment/ shall be punished as for larceny of the 'thing embezzled. The element of exclusive ownership by another person is wholly eliminated, and the test of the crime is, that the property converted shall come to the hands of the offender, by virtue of his employment as agent.”
In the ease under consideration, the test of the crime charged in the indictment is, whether the defendant as an officer of the organization named, by virtue of such office, converted to his own use the property of such organization.
The circuit court of Muskingum county, in the ease of Mitchel v. State, 21 C. C., 24, held, Judge Voorhees announcing the opinion .of the court, that an indictment for embezzlement is sufficient without alleging “that the act was done with intent to embezzle.” •
Aside from a review of these various enactments, and the logical conclusions to be deduced therefrom, how should this law of .embezzlement, as we find it in 1886, be viewed*in the light of those rules of construction, by which we are do be guided? A very few references in this particular. In the case of Ash v. Ash, 9 Ohio St., 383, 387, the Supreme Court says:
“It is a well established rule, that in putting a construction upon a revised statute, the mere change in the phraseology does not work a change in the established interpretation of the former statute, unless it evidently appears' that such change was intended by the Legislature.”
This is quoted with approval by the Supreme Court in Tyler v. Winslow, 15 Ohio St., 364, 368. Both these cases are cited in the case of Williams v. State, 35 Ohio St., 175. In the ease of Allen v. Russell, 39 Ohio St., 336, 337, the court says:
“But where -all the general statutes of a state, or all on a particular subject, are revised and consolidated, there is a strong-presumption that the same construction which the statutes received, or, if. their interpretation had been called for, would certainly have received, before revision and consolidation, should *484 be .applied to the enactment in its revised and consolidated form, although the language may have been changed.”
In the case of State v. Vanderbilt, 37 Ohio St., 590, 640, the court say on this subject:
“Indeed, it is a well settled principle that where a statute has undergone revision, it should be construed as before, unless the new act plainly requires a change in the construction. Application has been given to -this principle in cases where the change was very marked.”
From a careful and exhaustive examination of the question submitted, aided by most elaborate and thorough briefs furnished by counsel, I am constrained to hold that the law of embezzlement as it stood in 1886, under which this indictment was framed, comprehended the offense charged in the same, though, April 29, 1902, Section 6842, Revised Statutes, was amended by adding “officer of any lodge, or subordinate body of any fraternal or mutual benefit society.”
The simple charge is, that defendant at the time stated was an .officer of .the lodge mentioned, and as such secured property of the lodge and converted it to his own use, without authority so to do. The indictment is sufficient, without stating whether or not the Mansfield lodge of Independent Order of Odd Fellows is a corporation.
I express no opinion on the amendment of 1902, as to its scope or .the purpose of it, or whether or no.t it applies to organizations of the kind involved herein.
The second proposition submitted involves the inquiry, whether or not the indictment is sufficient, without containing an express statement that the offense charged to have been committed was in violation .of the repealed statute of 1886, .at the time when it was in force. This act was amended and repealed April 29, 1902, and the violation of the statute laid of the date of December 31, 1900, without reference to any particular penal enactment. ,
If the allegations of the indictment are sufficiently specific to place the defendant in possession of all material facts upon which the prosecution is based, that he may not be surprised to *485 his prejudice on trial, it is enough. How stands the indictment in this regard?
Section 79, Revised Statutes, provides, that — “When a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, *’ * * nor shall.any repeal or amendment affect causes .of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
There is no such provision in the amended -act of 1902. The Supreme Court has repeatedly upheld the sufficiency of this section to save pending prosecutions and proceedings, civil or criminal, as well ias cause of such -actions, civil or criminal, -existing at or before the amendment or repeal of the statute.
The case of Campbell v. State, 35 Ohio St., 70, is relied on by counsel for the defendant to sustain their contention in this respect. This action was commenced, .after -the .statute of 1869 had been amended and repealed, and the act of May 5, 1877, went into -effect July 1, 1877. The indictment charged the offense to have been committed on the twenty-eighth day -of January, 1878, and was in the usual form. It was .a case of embezzlement. The testimony was cónflieting; some of it tending to prove the offense was committed before the act of May 5, 1877, took effect, and other testimony -tending to -prove it was- committed subsequent thereto. The trial court -refused to charge the jury, on request, that the defendant could not be convicted upon the indictment, unless the offense was committed after July 1, 1877. The Supreme Court held that the right of the state to prosecute offenses committed in violation of the.act of 1869 was saved by the act of July 19, 1866 (now Section 79, Revised Statutes); but also held -that the indictment should have charged the offense to have been committed in violation of the repealed statute, at a time when it was in force. “But this was not done. The offense was charged to have been committed after the act of 1869 had been repealed, and therefore the act of 1866 does not apply.”
The offense in this case was alleged to have been committed after the act of May 5, 1877, -took effect, and "comes clearly with *486 in its provisions. In the ease at bar, it is different. The time ■of the commission -of this offense was laid December 31, 1900, more than a year previous to the date of the amendment -and repeal’ of the act of 1886.
C. H. Huston and S. Marriott, for the state.
Douglass & Mengert, J. P. Seward and George Brinherhoff, contra.
In case of Chinn v. State, 47 Ohio St., 575, 579, who was indicted for incest, the act being laid August 10, 1879, it was claimed he could not be convicted for the reason that the act of 1877 had been -repealed by the revision of 1880. The indictment seems to have been drawn, as the one under consideration was, fixing the time before the revision of-1880 took effect. The court say:
“Though the offense charged in the indictment is laid as having been committed before the repeal, yet, by virtue of Section 79, Revised Statutes, the right of the state to prosecute for existing offenses, was not affected by the repeal. ’ ’
In the light of these holdings, should the indictment in this case contain .an allegation in express terms that the offense charged is prosecuted under the act of 1886 while it was in force ?
From the indictment itself, it is apparent that it is. The reasonable conclusion deduced from these decisions is, that if the time stated in the indictment was prior to the date of the amendment of the repealed act, it is sufficient, without a more specific allegation that the prosecution is -instituted under the repealed act, at a time when it was in force.
The unusual .importance of this case was evidenced by the able arguments presented on the hearing and the court has given it the fullest investigation possible, aided by exhaustive briefs on both sides. . :
My conclusions are that the indictment sufficiently charges an offense under the law as it sto'od from 1886 to 1902, and that a more specific allegation .than giving the date of the alleged offense, at the time stated, is not required.
The demurrer is overruled.